Gibson, J.
This court has held in previous cases, e. g., State, ex rel. Gund Co., v. Village of Solon (1960), 171 Ohio St., 318, State, ex rel. Fredrix, v. Village of Beachwood (1960), 171 Ohio St., 343, State, ex rel. Ricketts, v. Balsly, Building Inspector (1961), 171 Ohio St., 553, that the right to appeal pursuant to Chapter 2506, Revised Code, is an adequate remedy at law, and, therefore, a writ of mandamus should be, or was | properly, denied. The question in the case at bar is whether I such facts or circumstances exist that the right of appeal af- 9 forded by Chapter 2506 is not an adequate remedy at law.
Relators contend in this court, although they do not so allege in their petition, that a sale of land hinges upon the issuance of the requested building permit, that, thus, time is of the essence, and that any available remedy failing to provide speedy relief is inadequate. However, as the respondents demurred to relators’ petition, the only facts before the Common Pleas Court were those alleged in the petition. No facts are alleged therein which clearly show that relators’ right to appeal pursuant to Chapter 2506, Revised Code, is not a plain and adequate remedy in the ordinary course of the law. In other words, no inadequacy of legal remedy is shown on the face of the petition.
The next question is whether the Common Pleas Court in its discretion may issue a writ of mandamus in light of Section 2731.05, Revised Code, which provides that “the writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law”. (Emphasis added.) A brief analysis of the basis of Ohio courts’ authority to issue a writ of mandamus is determinative of this question.
This court and the Courts of Appeals have original jurisdiction in mandamus by virtue of Sections 2 and 6, respectively, of Article IV of the Ohio Constitution. Section 2731.05, Revised Code, can not limit this court and the Courts of Appeals in issuing a writ of mandamus under their constitutional jurisdiction. See State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission (1954), 162 Ohio St., 302; State v. Mansfield (1913), 89 Ohio St., 20; Kent v. Mahaffy (1853), 2 Ohio St., 498. However, a different situation exists with respect to Courts of Common Pleas.
*83 Section 4, Article IV of the Ohio Constitution, provides that “the jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law.” It is evident that the Courts of Common Pleas have no constitutional jurisdiction in mandamus. Their jurisdiction is only that which is granted to them by the General Assembly. The General Assembly, by enacting Section 2731.05, Revised Code, provided that the Common Pleas Courts should not issue writs of mandamus in those cases where there is a plain and adequate remedy in the ordinary course of the law.
Relators having failed to allege sufficient facts in their petition to show that their right of appeal pursuant to Chapter 2506, Revised Code, is not a plain and adequate remedy in the ordinary course of the law, and since Section 2731.05, Revised Code, provides that the Common Pleas Courts should not issue writs of mandamus where there is an adequate remedy at law, the trial court should have sustained the demurrer to relators’ petition.

Judgment reversed.

Taut, C. J., Zimmerman, Matthias, O’Neill, Grieeith and Herbert, JJ., concur.